UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**STRIKE 3 HOLDINGS, LLC, a limited liability company,**

  Plaintiff,

v.     Case No.: 3:19-cv-00508-MMH-JRK

**JOHN DOE subscriber assigned IP address 98.231.74.245, an individual,**

  Defendant.
_____/

## UNOPPOSED MOTION TO PROCEED ANONYMOUSLY

  Defendant, John Doe Subscriber assigned IP address 98.231.74.245 ("John Doe"), by and through undersigned counsel and pursuant to this Court's Order (Doc. 11 at 4), hereby moves to proceed anonymously in this litigation, and in support thereof states:

  1. Plaintiff initiated the present litigation on May 1, 2019. (Doc. 1).

  *2.* The Complaint alleges a claim of direct copyright infringement for the illegal download and distribution of Plaintiff's copyrighted works, which are pornography. *Id.*

  3. At the outset of this litigation, Plaintiff did not know the identification of the purported defendant. Accordingly, Plaintiff filed a Motion seeking permission to serve a third-party subpoena to determine the holder of the IP address. (Doc. 8). Plaintiff later served the third-party subpoena on Comcast Cable Communications.

  4. The subpoena revealed the holder of the IP address is Defendant, whom undersigned counsel represents, and is currently named only as John Doe 98.231.74.245.

  5. Mr. Doe seeks to proceed anonymously for the following reasons.

6. John Doe is a businessman who works in finance with several corporations and individual clients, and is a licensed real estate broker (Florida) as well. Outside of his professional career, John Doe is on the Board of Directors at a local art museum. He is also a religious man, with no criminal history. Obviously, if his name were to be revealed , given the nature of the suit, it could greatly damage both his business and personal reputations.

7. Plaintiff is the owner of various adult motion pictures and is located in Delaware.

8. Plaintiff has accused John Doe of copyright infringement of pornographic materials. Given his employment and involvement in the local community, John Doe believes that it would be in the interests of justice to allow John Doe to proceed anonymously unless and until the case goes to trial.

9. Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with Tyler Mamone, Esquire, counsel for Plaintiff, and is authorized to represent that the Plaintiff does not oppose the relief requested herein.

10. A copy of the Proposed Stipulated Order Permitting Defendant to Remain Anonymous Using a Pseudonym is attached hereto as Exhibit 1.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter the Proposed Stipulated Order Permitting Defendant to Remain Anonymous Using a Pseudonym.

## MEMORANDUM OF LAW

### I. Legal Standard

While a party is required to provide both his/her name and "full residence address" in their first filing with the Court, it is within the discretion of the district court to grant the dispensation of anonymity. *See United States v. Microsoft*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). Despite "this country's strong tradition of access to judicial proceedings," there are situations in which "a party's

interest in privacy or confidentiality ... outweighs this strong presumption in favor of public access." *See Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991).

## II. Shame and Embarrassment to Defendant

In many file-sharing cases, courts have recognized that the potential shame and embarrassment of being accused of online piracy is often used as unfair leverage by plaintiffs. *See, e.g., Sunlust Pictures v. Does 1-75*, No. 12-cv-01546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) ("Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to improperly leverage settlement negotiations.") (citing *Hard Drive Productions v. Does 1-48*, No. 11-cv-00962, 2012 WL 2196038 (N.D. Ill. June 14, 2012)). This is especially true when the film defendant is accused of pirating is pornographic; at least one other has court recognized that a fundamental component of the business-litigation model is the fact that "the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle." *MCGIP, LLC v. Does 1-149*, No. 11-cv-02331, 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011).

Merely being named in a file-sharing case can be damaging. At this point in litigation, it is Defendant's position that Plaintiff has submitted no proof that defendant has committed infringement, and yet because they are accused--and because they have been required to file their correct contact information--their reputations may be at permanent risk. Employers, landlords, and other interested parties can identify defendants through publicly available information, and in some cases such parties conducting a routine search of potential employees or tenants may discover a defendant's involvement in a file-sharing case entirely by accident. In at least one file-sharing case, a court has sua sponte recognized this danger and ordered that all Doe defendants should proceed

anonymously until further notice. *See Manny Film, LLC v. Doe*, No. 3:15-cv-00103 (S.D. Ohio 2015), ECF No. 7 (order granting John Doe defendant a protective order to proceed anonymously).

### III.     No Harm to the Public

An important consideration in whether to grant a motion to proceed anonymously is whether allowing anonymity would harm the public. *See Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret."). There is no potential for public harm from the granting of this motion, because anonymity will not substantially affect this proceeding. Doe is merely seeking to proceed under a pseudonym until dispositive motions, and aside from this pseudonym, no aspect of litigation will change. Further, Doe is a defendant, whose position is that he has been inappropriately drug into this embarrassing litigation by Strike 3 Holdings, LLC. He is certainly not a plaintiff availing himself of this Court seeking to benefit from this litigation. A similar situation existed in the case of *Malibu Media v. Reynolds*, No. 12-cv-06672 (N.D. Ill Mar. 7, 2013), ECF No. 51-11. In that case, involving only the possibility of embarrassment, the Court allowed the Doe to proceed anonymously.

### IV.     Conclusion

For the foregoing reasons, Defendant Doe respectfully requests that this Honorable Court grant leave for Doe to proceed anonymously through dispositive Motions in this action, under the pseudonym of John Doe 98.231.74.245.

Respectfully submitted,

      */s/ Bryan E. DeMaggio*
Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:    (904) 356-9667
Email:           sheplaw@sheppardwhite.com
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to the following by Electronic Mail, this 4th day of October 2019.

**Tyler A. Mamone, Esquire**
**Mamone Law P.A.**
**100 SE 2nd St., Ste. 2000**
**Miami, Florida 33131**
**Tyler@Mamonelaw.com**
**Filings@Mamonelaw.com**

      */s/ Bryan E. DeMaggio*
ATTORNEY

lr[strike.3.anonymous.motion]