**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

        Plaintiff,

v.                                        Case No. 3:19-cv-508-J-34JRK

JOHN DOE subscriber assigned IP address
98.231.74.245, an individual,

        Defendant.

## O R D E R

This cause is before the Court on the Unopposed Motion to Proceed Anonymously (Doc. No. 17; "Motion"), filed October 14, 2019. In the Motion, Defendant seeks permission to proceed anonymously "through dispositive [m]otions in this action," Motion at 4, to prevent "damage [to] both his business and personal reputations," id. at 2.

"Generally, parties to a lawsuit must identify themselves in their respective pleadings." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992) (citation omitted). "A party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Plaintiff B v. Francis, 631 F.3d 1310, 1316 (11th Cir. 2011) (quoting Frank, 951 F.2d at 323). A party may proceed anonymously "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." Frank, 951 F.2d at 324. Relevant, although non-dispositive, factors include: "(1) whether the party challenges

government activity, (2) whether the party will be 'required to disclose information of the utmost intimacy,' (3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution, (4) whether the party is a minor, (5) whether the party will be exposed to physical violence should he or she proceed in their own name, and (6) whether proceeding anonymously 'pose[s] a unique threat of fundamental unfairness to the defendant.'" Doe v. Sch. Bd. of Miami-Dade Cty., — F.3d —, No. 1:19-cv-20204-UU, 2019 WL 4741422, at *1 n.1 (S.D. Fla. Apr. 30, 2019) (alteration in original) (quoting Doe v. Swearingen, No. 18-24145, 2019 WL 95548, at *2 (S.D. Fla. Jan. 3, 2019)).

Here, Defendant contends that he is a "businessman who works in finance with several corporations and individual clients, and is a licensed real estate broker (Florida) as well." Motion at 2. Defendant is also on "the Board of Directors at a local art museum" and is a "a religious man, with no criminal history." Id. Defendant asserts that "Plaintiff has accused [him] of copyright infringement of pornographic materials" and that "[g]iven his employment and involvement in the local community, [Defendant] believes that it would be in the interests of justice to allow [him] to proceed anonymously unless and until the case goes to trial." Id.

Upon review of the relevant factors and weighing Defendant's privacy rights against the presumption of openness in judicial proceedings, the undersigned finds that Defendant should be permitted to proceed anonymously in this action until further Order. First, as the Court recognized in its Order (Doc. No. 11), entered May 23, 2019, there is a substantial risk that a non-infringing party could be identified and served because the subscriber at the IP address at issue may not be the same individual who engaged in the

alleged infringing activity. Second, given the nature of the suit, "information of the utmost intimacy" could be disclosed and "matters of a highly sensitive and personal nature" may be involved. Sch. Bd. of Miami-Dade Cty., — F.3d —, 2019 WL 4741422, at *1 n.1; Frank, 951 F.2d at 324. Third, the public's interest is not necessarily furthered by knowledge of Defendant's identity. Fourth, Plaintiff would not be prejudiced by allowing Defendant to proceed anonymously, especially given that Plaintiff has consented to the Motion.

Accordingly, it is

**ORDERED**:

1. The Unopposed Motion to Proceed Anonymously (Doc. No. 17) is **GRANTED**.

2. Until further Order, all documents filed in this matter that refer to Defendant shall refer to him only as "John Doe." If it is necessary to include Defendant's actual name in a filing, the party shall file a motion seeking leave to file under seal the document containing Defendant's true identity. See Local Rule 1.09, Middle District of Florida.

3. The above rulings may be revisited at a later date, either sua sponte or upon the motion of any interested party.

4. No later than **November 18, 2019**, Defendant shall submit under seal his name and address to the Court.

**DONE AND ORDERED** in Jacksonville, Florida on November 5, 2019.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record